IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SABEENA MISHRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1521-M-BN |
| | § | |
| BANK OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this employment discrimination action, which has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M. G. Lynn, both Plaintiff Sabeena Mishra, proceeding *pro se*, and Defendant Bank of America ("BOA") have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* Dkt. Nos. 75 & 78. Mishra also has moved (twice) to strike two affidavits filed in support of BOA's summary judgment motion, *see* Dkt. Nos. 91 & 93, and she has moved for additional discovery pursuant to Federal Rule of Civil Procedure 56(d), *see* Dkt. No. 105.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should grant BOA's motion for summary judgment, deny Mishra's motion for summary judgment as well as her motions to strike and for additional discovery, and dismiss Mishra's claims with prejudice.

**Background**

Mishra, who was born in Nepal, was employed by BOA as an operations representative in Dallas, Texas from September 2012 to May 2013. According to BOA, after a series of warnings (verbal and written) and counseling sessions, Mishra was fired, for repeated violations and disregard of BOA's Non-Public Information ("NPI") policy and, relatedly, for insubordination. BOA contends that Mishra, as an operations specialist, was prohibited from saving non-public information to her desktop and that this repeated violation of the NPI policy by Mishra, which continued after Mishra was given a final written warning, along with her insubordination, led to her termination. Mishra counters that she needed to save non-public information to her desktop to exercise her work duties and that the Texas Workforce Commission ("TWC") has already determined that she did not violate BOA's NPI policy.

Mishra filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was discriminated against based on her race and national origin in September 2013. And she also attempted to allege religious discrimination in February 2014, but the EEOC informed her that such a claim, made more than 180 days after the alleged religious discrimination occurred, was time-barred.

Liberally construed, the complaint that Mishra has filed *pro se* in this Court alleges discrimination and retaliation based on race, national origin, and religion.

**Legal Standards**

<u>Summary Judgment</u>

Under Rule 56, summary judgment is proper "if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

On cross-motions for summary judgment, the Court reviews each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party. *See Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001); *Jonathan C. v. Hawkins*, No. 9:05-cv-43, 2006 WL 3498494, at *5 (E.D. Tex. Dec. 5. 2006). The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced

evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment,"*Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine

issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

<u>Discrimination and Retaliation</u>

Title VII prohibits employers from discriminating against employees on the

basis of race, color, religion, sex, or national origin, *see* 42 U.S.C. § 2000e-2(a), or retaliating against employees for engaging in protected activity, *see id.*, § 2000e-3(a). In the absence of direct evidence of discrimination or retaliation, claims under Title VII are analyzed under the framework set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

Under that framework, a plaintiff must establish a prima facie case of discrimination or retaliation before the case may proceed. *See id.* To establish a prima facie claim of discrimination, a plaintiff must show that he was (1) a member of a protected class; (2) qualified for the position; (3) suffered an adverse employment action; and, (4) was replaced by someone outside of his protected class or that others outside of his protected class and similarly situated were treated more favorably. *See id.* To establish a prima facie claim of retaliation, a plaintiff must demonstrate that (1) he engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *See id.* at 557.

As to discrimination claims, the employee's establishment of a prima facie case creates a rebuttable presumption that the employer unlawfully discriminated or retaliated against the employee. *See Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252, 255 (1981)). And the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S.

133, 142 (2000); *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The burden is one of production, not persuasion, and involves no credibility assessment. *See Reeves*, 530 U.S. at 143 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)). If the employer carries its burden, the inference created by the prima facie case drops out of the picture, *see Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000), and the burden shifts back to the employee, who must prove that the legitimate reasons offered by the employer were not its true reasons but, rather, were a pretext for discrimination, *see Reeves*, 530 U.S. at 142. Pretext can be demonstrated by showing disparate treatment or "by showing that the employer's explanation is false or unworthy of credence." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

> Similarly, as to retaliation claims, under the *McDonnel Douglas* framework the plaintiff's circumstantial prima facie case creates a rebuttable presumption of retaliation and shifts the burden of production to the employer, who must provide a legitimate, non-retaliatory reason for the adverse employment decision. If the employer presents a legitimate reason, then the burden of production shifts back to the plaintiff to demonstrate that the proffered reason is pretextual.

*Hamilton v. Tex. Dep't of Transp.*, 85 F. App'x 8, 13 (5th Cir. 2004) (per curiam) (citing *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 n.6 (5th Cir. 2003); *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 191-92 (5th Cir. 2001)).

"In retaliation cases," "'this final burden requires the plaintiff to demonstrate that the adverse employment action would not have occurred 'but for' the protected activity.'" *Id.* (quoting *Rios v. Rossotti*, 252 F.3d 375, 380 (5th Cir. 2001); *see, e.g.*,

*Kostic v. Texas A&M Univ. at Commerce*, 11 F. Supp. 3d 699, 734 (N.D. Tex. 2014) ("Even if Plaintiff has established the causal link required to make out a prima facie case, where the defendants have offered a legitimate, nondiscriminatory reason for the adverse action, Plaintiff 'must establish that his ... protected activity was a but-for cause of the alleged adverse action by the employer.'" (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013); citing *Feist v. La. Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454-55 (5th Cir. 2013))).

To avoid summary judgment, a plaintiff must show "a conflict in substantial evidence" on the question of whether the employer would not have taken the action "but for" the protected activity. *Long v. Eastfield College*, 88 F.3d 300, 308 (5th Cir. 1996) (internal quotation marks omitted).

**Analysis**

<u>Mishra's Motions to Strike</u>

Preliminarily, Mishra has filed two motions to strike the affidavits of Michael Balunek and Niesha Sanders, submitted in support of BOA's summary judgment motion. *See* Dkt. Nos. 91 & 93. " Federal Rule of Civil Procedure 56(c)(4) requires that an affidavit that supports a motion be made on personal knowledge, set out admissible facts, and show that the affiant is competent to testify." *Joe Hand Promotions, Inc. v. Tequila Nights Private Club, Inc.*, No. 3:13-cv-1986-O-BN, 2014 WL 4102494, at *4 (N.D. Tex. Aug. 20, 2014) (citing FED. R. CIV. P. 56(c)(4)).

In general, Mishra moves to strike the affidavits not because they violate these requirements but because she disagrees with the content of the affidavits. But that is

not a reason to strike them. *See, e.g.*, *Wilson v. Healy*, Civ. A. No. H-08-0096, 2011 WL 1463569, at *2 (S.D. Tex. Mar. 31, 2011) ("Nor do plaintiff's numerous disagreements with the content of [the witness's] affidavit provide grounds for striking or excluding the affidavit."); *cf. Lorenz v. Wal-Mart Stores, Inc.*, No. SA-05-CA-0319 OG (NN), 2006 WL 1562235, at *6 (W.D. Tex. May 24, 2006) ("To the extent that plaintiff disputes the facts contained in the affidavit, ... plaintiff [should] come forward with his own affidavits or other evidence to contradict defendant's evidence and show that a genuine issue exists for trial.").

Mishra also appears to be challenging certain paragraphs in each affidavit describing inappropriate behavior and workplace violations attributed to her and relayed to the affiants by other employees. Thus, to the extent that Mishra also challenges the affidavits' admissibility because she asserts that some of the affiants' statements are not based on personal observations and are thus hearsay, these paragraphs can be considered not for the truth of the matter asserted but because they go to the affiants' then-existing state of mind. *See* FED. R. EVI. 803(3); *cf. Lorenz*, 2006 WL 1562235, at *6 ("To the extent that the affidavits show that Mr. Shadrock was notified of complaints lodged by customers, the statements are not offered for the truth of the matter and are admissible." (citation omitted)).

Accordingly, Mishra's motions to strike should be denied.

<u>The Cross-Motions for Summary Judgment</u>

Although the undersigned has reviewed each party's summary judgment motion independently, viewing the evidence and inferences in the light most favorable to the

respective nonmovant, because the arguments for why each party is entitled to – or should be denied – summary judgment overlap significantly, the undersigned discusses the cross-motions in tandem below.

While this is ostensibly an employment discrimination/retaliation action, Mishra fails to move for summary judgment on (or even mention) any such claims in her motion. *See* Dkt. Nos. 75 & 76. She instead offers evidence – primarily a TWC appeal tribunal decision – to show that she did not violate BOA's NPI policy. And, in addition to her actual termination, Mishra alleges that multiple other incidents occurring during her employment amounted to adverse employment actions. But, for the reasons explained below, Mishra fails to establish beyond peradventure all of the essential elements of her claims. The Court should therefore deny her motion for summary judgment.

And, for the reasons to be explained below, because any claim of religious discrimination has not been timely exhausted and because Mishra has failed to establish a prima facie case of discrimination based on either race or national origin and a prima facie case of retaliation, the Court should grant BOA judgment as a matter of law as to Mishra's claims.

Beginning with Mishra's reliance on the TWC evidence, in August 2013, a TWC appeal tribunal reversed a decision to disqualify Mishra from receiving unemployment benefits under Section 207.044 of the Texas Unemployment Compensation Act "because [she] was discharged from the last work due to misconduct connected with the work," finding that "[s]aving non-public information to the desktop was not prohibited

-10-

by [BOA's] NPI policy when an employee was using this information to perform her job duties" and that Mishra "was saving the items in question on her desktop as part of the performance of her job duties." Dkt. No. 76 at 32. Prior to this decision, it appears that a telephonic conference was conducted in which Mishra but not BOA participated. *See id.* at 31.

The TWC appeal tribunal decision, like an EEOC determination, may be admissible, "under the [Federal Rule of Evidence 803(8)] public records hearsay exception." *Johnson v. CDI Corp.*, Civ. A. No. H-08-2107, 2009 WL 6443118, at *13 (S.D. Tex. Sept. 8, 2009); *see also Giesler v. Ruiz Food Prods., Inc.*, No. 4:08-cv-344, 2009 WL 3261565, at *6 (E.D. Tex. Oct. 8, 2009) (citing *Garcia v. Gloor*, 618 F.2d 264, 272 (5th Cir. 1980)); *but see McCombs v. MS Commc'ns Am., Inc.*, No. CIV.A.SA00CA0623NN, 2002 WL 1491724, at *6 n.37 (W.D. Tex. Apr. 23, 2002) ("According to Texas statutory authority," "findings made by the Texas Workforce Commission are inadmissible in subsequent proceedings." (citing *Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1164-65 (5th Cir. 1993))).

But, even if the TWC appeal tribunal decision is admissible, that decision – also like an EEOC determination – "is not dispositive in civil suits" and "alone is not sufficient to contradict a defendant's nondiscriminatory reason for an adverse employment action." *Johnson*, 2009 WL 6443118, at *13 (citations omitted); *cf. Rodriguez v. Tex. Dep't of Crim. Justice*, Civ. A. No. H-06-820, 2007 WL 2670054, at *1 (S.D. Tex. Sept. 7, 2007) (recognizing that TWC "decisions ... are rendered under a completely different statutory regime serving entirely different statutory goals"

(citation omitted)). For example, in the evidence-of-pretext context, "the question on summary judgment is whether there is a conflict in substantial evidence," "but the clear-and-convincing standard in an unemployment hearing is much higher." *Harris v. First Am. Nat'l Bankshares, Inc.*, 484 F. App'x 902, 904-05 (5th Cir. 2012) (per curiam) (citation omitted).

Because the TWC appeal tribunal decision does not have the dispositive force that Mishra alleges that it possesses – that is, that "that ruling proved [that BOA's] accusation of NPI violation was false," Dkt. No. 76 at 8 – it does not entitle her to summary judgment.

Turning next to Mishra's religious discrimination claim, any such claim is time-barred and, for that reason, should be dismissed with prejudice.

Mishra even admits that her religious discrimination claim was not timely exhausted with the EEOC. *See, e.g.*, Dkt. No. 49 at 1 (explaining that her "religious discrimination punitive damage's decision is left upon the discretion of the [Court]" "because by the time I filed the religious discrimination it was 17 days later, at the EEOC"); *see also* Dkt. No. 80 at 75-78 (Mishra's deposition testimony admitting the same and also admitting that she failed to check the religion box on, nor mention such a claim in, her EEOC charge); *id.* at 2 (EEOC charge indicating alleged discrimination based on race, national origin, and retaliation).

And her verified responses to the Court's questionnaire [Dkt. No. 8], which became "part of [her] pleadings," *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998), include letters that Mishra received from the EEOC, the only agency with which she

filed a charge of wrongful termination against BOA, *see* Dkt. No. 8 at 33 (asked whether she filed such a charge "with any state or local agency," Mishra responded, "No. Only EEOC."). The EEOC's letters establish that the first time that Mishra raised a claim of religious discrimination was in a letter dated February 24, 2014, requesting reconsideration of the EEOC's determination to dismiss her charge. *See* Dkt. No. 8 at 27-28 ("Your request for reconsideration does not address or consider [your] original allegations. Your request for reconsideration raises, for the first time, a claim of discrimination based upon your religion; that [BOA] did not provide you with a reasonable accommodation by allowing you to switch shifts with a coworker.").

July 1, 2013 was the date Mishra requested for the shift switch. *See* Dkt. No. 80 at 80. She was terminated prior to that date, in May 2013, but it is not clear when she made the request to switch shifts. *See id.* Regardless, even if the Court uses July 1, 2013 as the trigger date, the alleged religious discrimination occurred more than 180 days before Mishra raised the issue with the EEOC, on February 24, 2014.

Because Mishra failed to timely exhaust her religious discrimination claim with the EEOC, BOA – not Mishra – is entitled to judgment as a matter of law as to this claim. *See, e.g., Juarez-Keith v. U.S. Foodservice, Inc.*, No. 3:02-cv-90-L, 2005 WL 548074, at *5 (N.D. Tex. Mar. 8, 2005) ("A condition precedent to bringing suit on an employment discrimination claim under Title VII is the timely filing and exhaustion of an EEOC charge." (citing 42 U.S.C. § 2000e-5(e)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002))); *cf. id.* (granting employer summary judgment as to discrimination claim that plaintiff failed to bring to the EEOC and the state

agency more than 300 days after the allegedly unlawful employment practice).

As to her claims of discrimination based on race and national origin, Mishra has failed to establish a prima facie case of discrimination.

As an initial matter, none of the multiple allegations that Mishra makes concerning instances that occurred during her employment, other than her actual termination, constitute adverse employment actions. Mishra claims that (1) she was required to stay late to complete compliance course training; (2) she did not receive a work email address, even if other operations specialists did; (3) she did not receive a formal performance evaluation during her tenure (although she was admittedly counseled by BOA supervisors); (4) she was required to use her breaks to review policies and/or other areas where she wanted more information; (5) she was required to delete NPI from her desktop; and (6) her performance was negatively impacted by other employees' actions (for example, others did not provide her with answers to her questions that she deemed to be satisfactory). But none of these alleged actions affected the terms and conditions of her employment; that is none of the alleged actions affected Mishra's job duties, compensation, or benefits.

"To establish a discrimination claim under Title VII ..., a plaintiff must prove that he or she was subject to an 'adverse employment action' – a judicially-coined term referring to an employment decision that affects the terms and conditions of employment ... such as hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (citations

omitted).[1]

Accepting her termination as the sole adverse employment action, and even if the Court also accepts that Mishra is a member of a protected class (for purposes of race and national origin), she has failed to raise a genuine issue of material fact as to the final element of a prima facie case of discrimination – that she was "treated less favorably than a similarly situated employee outside of [her] protected class[es] or that [she] was terminated because [she] is [Asian or Nepalese]." *Noble v. Lear Siegler Svcs., Inc.*, 554 F. App'x 275, 276 (5th Cir. 2014) (per curiam) (rejecting an African-American plaintiff's claim that he established this prima facie element by asserting that "five Caucasian men in his unit kept their jobs" because he failed to "show that these comparators were under 'nearly identical circumstances'" by presenting "evidence regarding the comparators' job descriptions, qualifications, experience, work and disciplinary history, or other information that would indicate that they were similarly situated" (quoting *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001))).

Mishra has identified, through a sworn interrogatory response, an unnamed

---

[1] *See also Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281-82 (5th Cir. 2004) ("[A]n employment action that does not affect job duties, compensation, or benefits is not an adverse employment action." (citation and internal quotation marks omitted)); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006) (holding that the anti-discrimination provision of Title VII "explicitly limit[s] the scope of that provision to actions that affect employment or alter the conditions of the workplace"); *Brooks v. Firestone Polymers, LLC*, 70 F. Supp. 3d 816, 834 (E.D. Tex. 2014) ("Title VII was only designed to address *ultimate* employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." (citation and internal quotation marks omitted; emphasis in original)).

expert balancer working for BOA in Hyderabad (India) as an individual "who maintained her need to know documents in her computer and was not terminated because she was saving those documents as part of the performance of her job duties." Dkt. No. 80 at 145. But, although she wanted to be promoted to the position, Mishra was not an expert balancer, *see id.* at 21-23, 25-26, & 43, and BOA has submitted evidence that the position of expert balancer is not the same as, and has responsibilities different from, Mishra's former position of operations representative, *see, e.g., id.* at 42. Therefore, the unnamed individual identified by Mishra is not a comparator. *See, e.g.*, *Reyna v. Donley*, 479 F. App'x 609, 611-12 (5th Cir. 2012) (per curiam) ("An employee must proffer a comparator who was treated more favorably 'under nearly identical circumstances,' which is satisfied when 'the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories.'" (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009))).

As to the claims of discrimination based on race and national origin, because Mishra cannot establish a prima facie case, BOA is entitled to judgment as a matter of law.

Considering last Mishra's claim of retaliation, she again has not established a prima facie case as to that claim. Mishra bases her retaliation claim solely on internal complaints she made concerning her disagreement with supervisors' instructions regarding certain job or job-related tasks. *See* Dkt. No. 76 at 16-21; Dkt. No. 80 at 66-

68; *see also* Dkt. No. 80 at 68 ("Q. Okay. Is there anything in this [complaint sent to BOA] where you complain that you were being treated differently because you're from Nepal or from Asia? A. I did not write explicitly that. Q. Okay. A. But I wrote that I was enduring, how I was being treated by [supervisor] Niesha Sanders.").

In this circuit, however, "a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015) (quoting *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) (per curiam)). Therefore, Mishra's "[c]omplaining about unfair treatment without specifying why the treatment is unfair ... is not protected activity," *Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008) (per curiam), and BOA is entitled to judgment as a matter of law as to her retaliation claim, *cf. Harris-Childs v. Medco Health Solutions, Inc.*, 169 F. App'x 913, 916 (5th Cir. 2006) (per curiam) (affirming summary judgment on retaliation claim where plaintiff never "specifically complained of racial or sexual harassment, only harassment").

Mishra's Rule 56(d) Motion

Finally, Mishra has filed an Opposed Motion to Provide Her the Evidence [Dkt. No. 105], requesting (1) Balancing Rules; (2) Three Errors given to Mishra by Bridgette Teague; and (3) a shift change form. This motion should be construed as one pursuant to Federal Rule of Civil Procedure 56(d) and should be denied.

Under Rule 56(d), a "nonmovant" may provide the Court with "specified reasons" why "it cannot present facts essential to justify its opposition" to a motion for summary

judgment. FED. R. CIV. P. 56(d).

"Rule 56(d) 'discovery motions are "broadly favored and should be liberally granted."'" *Integracolor, Ltd. v. McClure*, No. 3:13-cv-4357-B, 2014 WL 4209577, at *3 (N.D. Tex. Aug. 26, 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (in turn quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006); construing former FED. R. CIV. P. 56(f))). But, even a procedurally proper Rule 56(d) motion should not be granted if the nonmovant cannot "specifically demonstrat[e] how postponement of a ruling on the motion will enable it, by discovery, to rebut the movant's showing of the absence of a genuine issue of fact and defeat summary judgment." *Id.* at *3 (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (construing former FED. R. CIV. P. 56(f))).

Here, Mishra has not made that showing. First, the shift change form is applicable to her religious discrimination claim, which, as explained above, she failed to timely exhaust with the EEOC. As to the other discovery she seeks, Mishra asserts that the requested documents are relevant to her discrimination claims based on race and national origin and her retaliation claim. But Mishra has not demonstrated how obtaining such discovery will enable her to rebut BOA's showing, discussed above, that she has neither stated a prima facie case of discrimination nor a prima facie case of retaliation.

The Rule 56(d) motion should therefore be denied.

**Recommendation**

The Court should grant BOA's motion for summary judgment [Dkt. No. 78], deny

Mishra's motion for summary judgment [Dkt. No. 75] (as well as her motions to strike [Dkt. Nos. 91 & 93] and for additional discovery [Dkt. No. 105]), and dismiss Mishra's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 16, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE